IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,430-01






EX PARTE DANIEL CASTENEDA, AKA DANIEL CASTANEDA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006CR8389A-W1 IN THE 175TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation, and was sentenced to two years' imprisonment. 

 Applicant contends that he is being illegally confined after he should have discharged this
sentence. According to an affidavit provided by TDCJ, Applicant has been held on a pre-revocation
warrant since March 27, 2008, but his mandatory supervision has not been revoked. The trial court
finds that Applicant will discharge this sentence on January 23, 2009, once his mandatory
supervision is officially revoked, but that he also has a charge for robbery pending. Applicant has
alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit stating whether Applicant has been informed of his rights in the revocation process, and
whether he has been afforded a preliminary hearing or has waived his right to a hearing. If Applicant
has not waived his rights to a preliminary hearing or a revocation hearing, and has not been afforded
a hearing, TDCJ shall state why the pre-revocation warrant is still in effect. The trial court may also
order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on
its personal recollection. Id. If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has been afforded a
preliminary hearing or a final revocation hearing in this cause, and if not, why not. The trial court
shall then make findings as to whether Applicant would have discharged his sentence in this cause
if a revocation hearing had been conducted. The trial court shall make findings as to whether
Applicant is being afforded due process in the revocation process, and whether he is being illegally
confined on the pre-revocation warrant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 25, 2009

Do not publish